STEVEN QUINN STANFORD,                )
                                      )
    *Plaintiff*,                         )
                                      )
v.                                    )   No.:   3:11-cv-240
                                      )           *Phillips*
                                      )
NURSE DALE HADDEN, et al.,            )
                                      )
    *Defendants*.                        )

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff Steven Quinn Stanford ("plaintiff"). The matter is before the court on the plaintiff's motion for summary judgment, and defendants' response thereto, and the motion for summary judgment filed by defendant Dale Hadden. Plaintiff has not filed a response to defendant Hadden's motion for summary judgment and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the plaintiff's motion for summary judgment [Doc. 31] will be **DENIED** and defendant Hadden's motion for summary judgment [Doc. 41] will be **GRANTED**. In addition, the matter will be **DISMISSED** as to the remaining John Doe defendant, and this action will be **DISMISSED IN ITS ENTIRETY**. All other pending motions will be **DENIED** as **MOOT**.

I. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

2

II.  Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and confined in the Morgan County Correctional Complex (MCCX). The defendants are TDOC Commissioner Derrick Schofield, former MCCX Warden David Osborne, Nurse Dale Hadden, Dr. John Doe, and Correctional Medical Services. Plaintiff alleges that he has been denied medical treatment for a Hepatitis C infection for over a year by defendant Hadden, in violation of his Eighth Amendment right against cruel and unusual punishment. With respect to defendants Schofield and Osborne, plaintiff alleges that they have concurred with defendant Hadden's denial of treatment. Plaintiff further alleges that neither defendant Schofield or Osborne has ordered medical treatment for plaintiff, despite having been informed of his need for treatment. The court previously granted the motions to dismiss filed by defendants Schofield and Osborne for the reason that the complaint sought to hold them liable under a theory of respondeat superior. The court also granted the motion to dismiss filed by defendant Correctional Medical Services for failure to state a claim for relief.

III.  Discussion

*A. Motions for Summary Judgment*

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*,

3

23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Eighth Amendment's ban against cruel and unusual punishment obliges correctional authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the Estelle standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. at 836).

4

Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care. "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

Plaintiff alleges that he has been diagnosed with Hepatitis C and, prior to filing this action, continuously sought treatment but was told by defendant Hadden he could not receive treatment due to a lack of funds and staff. Plaintiff bases his motion for summary judgment upon a grievance he filed on March 3, 2011, and the response thereto. [Doc. 33, Memorandum of Law, Exhibits A-D, Grievance MX12042]. In that grievance, plaintiff requested treatment for liver disease. [*Id.* Exhibit A]. The supervisor's Level 1 response was: "I spoke with Ms Hadden she says that she told you that she doesn't want to start anyone new on treatment until we are fully staffed nurse wise. Once we have enough staff

5

she will reconsider starting all who qualify." [*Id*. Exhibit B]. The grievance committee and the warden agreed with the Level 1 response. [*Id*. Exhibit C]. Petitioner contends that failure to provide a prisoner with medical treatment for Hepatitis C amounts to deliberate indifference to the prisoner's serious medical needs.

In support of her motion for summary judgment, and in opposition to plaintiff's motion for summary judgment, defendant Hadden has filed her affidavit. [Doc. 42, Notice of Filing, Exhibit 1, Affidavit of Dale Hadden]. Defendant Hadden testifies that she was employed as a family nurse practitioner at MCCX from November 1, 1999, to April 20, 2012. [*Id*. at 1]. She further testifies that plaintiff entered MCCX in March 2010 and reported that he had previously been treated for Hepatitis C, which resolved after six months of treatment. [*Id*.]. Defendant Hadden testifies, however, that plaintiff had active Hepatitis C on April 6, 2010. [*Id*.].

Defendant Hadden testifies that she met with plaintiff on May 17, 2010, at which time he stated his belief that he was re-infected with Hepatitis C by having sexual relations with his girlfriend. [*Id*. at 2]. According to defendant Hadden, however, Hepatitis C is not spread through sexual relations and the treatment duration is eleven months, not six months. [*Id*.]. In defendant Hadden's opinion, plaintiff's prior treatment for Hepatitis C was a failure and thus he is a poor candidate for a successful new treatment; defendant Hadden testifies that she informed plaintiff of the foregoing on May 17, 2010. [*Id*.].

Defendant Hadden further testifies that Hepatitis C is a very slow acting virus; that the treatment regime of interferon and ribavirin can have serious consequences and the risks

6

may outweigh the benefits; and that during the time she treated plaintiff none of his complaints related to Hepatitis C. [*Id*.]. Defendant Hadden further opines that there was not significant progression of plaintiff's disease during the time she was involved in his medical care and that not treating plaintiff with interferon and/or ribavirin did not harm him. [*Id*. at 3].

In support of her motion for summary judgment, and in opposition to plaintiff's motion for summary judgment, defendant Hadden has also submitted the relevant portion of plaintiff's medical records. [Doc. 43, Notice of Filing, Exhibit 1, Medical Records]. These records support her affidavit testimony as to the treatment plaintiff received.

As noted, plaintiff has not responded to the motion for summary judgment nor has he presented the court with proof, other than his self-serving statements, that failure to treat his Hepatitis C constituted deliberate indifference to a serious medical need. *See Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). "Specifically, we adopt the holding in *Hill* that '[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Id*. at 742 (quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)). *See also Rumsey v. Martin*, 28 F. App'x 500, 502 (6th Cir. 2002) (plaintiff inmate did not submit "medical evidence which clearly show[ed] that his condition deteriorated because of a delay in filling his prescriptions"). Under the circumstances, the court finds that defendant Hadden

7

is entitled to judgment as a matter of law and her motion for summary judgment will be granted; plaintiff's motion for summary judgment will be denied.

### B. *John Doe Defendant*

The court notes that plaintiff's complaint was filed on May 27, 2011. The remaining John Doe defendant has not been served with a copy of the complaint within 120 days of the filing date. Accordingly, this action should be dismissed without prejudice as to the John Doe defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. There being nothing further to be done in the case, this action will be dismissed in its entirety.

IV. <u>Conclusion</u>

The plaintiff's motion for summary judgment will be **DENIED** and the motion for summary judgment filed by defendant Hadden will be **GRANTED**. In addition, the matter will be **DISMISSED WITHOUT PREJUDICE** as to the remaining John Doe defendant, and this action will be **DISMISSED IN ITS ENTIRETY**. All other pending motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips
United States District Judge